**N.S., Movant,**

v.

**C AND M.S.; Commonwealth of Kentucky, Department for Human Resources; and B and B.S., Respondents.**

**No. 82–SC–204–DG.**

Supreme Court of Kentucky.

Dec. 14, 1982.

As Modified March 8, 1983.

Angela Sherbo, Hazard, for movant.

Buford Short, Beattyville, Kendall Robinson, Booneville, Lynn T. Mitchell, Frankfort, for respondents.

STEPHENS, Chief Justice.

### REVERSING

The general question we address in this appeal is the standard of proof necessary to involuntarily terminate the rights of a natural parent to his child.

Respondents B & B.S. are the natural twin daughters of movant, N.S., an unmarried woman. Their father is unknown. In 1974, the twins, then 2½ years old, were removed from the custody of their mother and were placed with respondents C and M.S., who became their foster parents. In 1977, respondents, C and M.S., and the Department for Human Resources, initiated an adoption proceeding pursuant to the then existing statute, KRS 199.600. Following a trial in 1980, the circuit court entered judgment terminating movant's parental rights to the twins and granting adoption to the foster parents. On appeal, the Court of Appeals affirmed the trial court. Because of a recent United States Supreme Court decision, we granted discretionary review.

The statute under which the case was tried did not specify a standard or degree of proof necessary for the involuntary termination of parental rights. Accordingly, the trial court in the present case did not address that question in its findings of fact, conclusions of law, nor in its judgment. It simply indicated that movant had abandoned and deserted the children and had "... substantially and continuously repeatedly refused to give parental care and protection for the children..."

Although not controlling in the present case, the Kentucky General Assembly, in 1978, amended the involuntary termination statute and incorporated a standard of proof requirement therein. Termination may be granted only if it is pleaded and proved "... by a preponderance of the evidence ... that the best interest of the child [would be served]." KRS 199.603(1) (1978).

Subsequent to the Court of Appeals decision, the United States Supreme Court decided the case of *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), which not only is dispositive of the specific issue in this case, but also effectively sets a different standard of proof from

that determined by our general assembly in the 1978 version of the termination statute.[1] In *Santosky,* the court held that before a statute may completely and irrevocably sever the rights of parents in their natural child, due process requires that the state support its allegations by at least clear and convincing evidence. Furthermore, the court ruled that a New York statute which required a "fair preponderance of the evidence" for termination violates due process.

The court declared that a "preponderance" standard creates a "... significant prospect of erroneous termination" and concluded that "given the weight of the private interests at stake, the social cost of even occasional error is sizeable." *Id.* 102 S.Ct. at 1400. The court believed that increasing the burden of proof would "... impress the factfinder with the importance of the decision and thereby perhaps reduce the chance that inappropriate termination will be ordered." Id. 102 S.Ct. at 1400.[2]

While the respondent contends that the trial court complied with the "clear and convincing" test set out in *Santosky, supra,* the movant contends that it did not. Both urge us to review the evidence and apply the new test. Because the trial court did not identify any standard of proof and because it is not our role to be finders of fact, we decline to do so.

 Because of *Santosky, supra,* we declare that the provision of KRS 199.603(1) (1978) requiring only a "preponderance of the evidence" in involuntary termination cases is unconstitutional because it deprives the parent(s) of due process of law under the provision of the Fourteenth Amendment to the United States Constitution. Moreover, we decide that because of the failure of the trial court to identify any burden of proof, the case must be remanded for a new trial, using the "clear and convincing" test as a standard of proof in a proceeding under KRS 199.603(1).

The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for proceedings consistent with this opinion.

All concur, except CLAYTON, J., not sitting.

---

1. While we may not agree with the United States Supreme Court's further incursion into a matter which is clearly one for individual states' determination, we must, perforce, follow the clear mandate of its decision.

2. Assuming the Courts premise that a higher standard of proof decreases the possibility of error, one wonders why it did not adopt the degree of proof required in criminal cases.