RENDERED:  OCTOBER 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1338-MR

JORDAN REIN KLINE                                                    APPELLANT


                        APPEAL FROM GRAVES CIRCUIT COURT
v.                      HONORABLE KEVIN D. BISHOP, JUDGE
                        ACTION NO. 24-CI-00011


KATRENA D. COLE; CHARITY D.
COLE; AND RICHARD MOORE                                              APPELLEES


                                    OPINION
                          VACATING AND REMANDING

                              ** ** ** ** **

BEFORE:  CETRULO, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  In this appeal of a Final Custody Order (hereinafter

"Final Order"), Appellant Jordan Rein Kline (hereinafter "Father") seeks to

overturn the Graves County Circuit Court's award of de facto custody to one

Appellee, Charity D. Cole, the maternal grandmother (hereinafter "Grandmother")

of the subject minor child (hereinafter "Child").  Because the Circuit Court failed

to apply the proper "clear and convincing" evidence standard in its Order granting de facto custody to Grandmother, we VACATE the Final Order and remand for a new trial.

## I.     Background

This case involves a custody action for Child born in June of 2020, as a result of a one-night liaison between mother, Katrena Cole (hereinafter "Mother"), and Father, who is a resident of New Hampshire. Father was not made aware of his child's existence until September 2023. He filed a custody petition on January 10, 2024, and Grandmother filed a Counter-Petition on January 30, 2024. The Graves County Circuit Court held a custody hearing on August 28, 2024. Following the hearing, the Circuit Court entered its Final Order on October 4, 2024.

In the Final Order, the Court made several key findings of fact. Relevant here, the Circuit Court found that Mother acknowledged that Grandmother has been the primary financial supporter and caretaker of Child since birth. The Court further found that distance is a factor in the development of the relationship with Child, and that Father has not spent any significant time with Child over the past several months. Additionally, there was a factual finding that Father has provided no support since becoming aware of Child's existence, through money, clothing, or other necessities. The Court also found, based on

party testimony, that since becoming aware of Child's existence, Father has seen Child four times in eight months.

Importantly, the Circuit Court found that Child is clearly bonded with Mother and Grandmother, and is not bonded with Father, mostly due to distance and the lack of time spent together. Mother testified it is her desire for Grandmother to continue to have custody of Child and that she be permitted to continue visitation with Child as they may agree. The Court found that Father has attempted to initiate contact with Child, but that it has been inconsistent and sporadic. However, the Court did rule that Father should be given visitation rights, with the ultimate goal of visitation in New Hampshire, but that until there had been established consistent visitation and a communication schedule, the issue of time spent in New Hampshire was reserved for a future ruling.

Several findings of fact appear to mix in conclusions of law. For instance, the court made a fact finding that it is in the best interest of Child to remain in the care of Grandmother, as she has been the sole consistent care giver in Child's life since birth. In its Conclusions of Law, the Circuit Court found that Grandmother asserted a claim to be a de facto custodian under KRS[1] 403.270. The Court found that under KRS 403.270, Grandmother must show she has been the primary care giver for and financial supporter of Child for an aggregate of one (1)

[1] Kentucky Revised Statutes.

-3-

year.  Although a separate district court custody proceeding involving Child's half-sibling and that child's father also occurred in 2024, the Circuit Court determined that proceeding had no bearing on this matter because Child's Father in this action did not participate in that separate proceeding—thus the provision in KRS 403.270 that tolls the statute for de facto custody when other legal proceedings are underway did not apply.  Consequently, the Circuit Court deemed Grandmother to be the de facto custodian of Child.

Critically, though, the Circuit Court only found, "from a preponderance of the evidence that GRANDMOTHER qualifies as a de facto custodian of the minor child and that it is in the minor child's best interest for custody to be granted to her."[2]  On appeal, Father challenged the lower court's application of the tolling provision in KRS 403.270, but also contested the court's de facto custody finding based on the improper use of the "preponderance standard" in making its determination.

## II.    Standard of Review

KRS 403.270 governs judicial determinations of de facto custodianship.  KRS 403.270(1)(a) provides, in relevant part:

> "de facto custodian" means a person who has been shown
> by clear and convincing evidence to have been the
> primary caregiver for, and financial supporter of, a child
> who within the last two (2) years has resided with the

---

[2] Final Order, Conclusion of Law, ¶ 7.

person for an aggregate period of six (6) months or more if the child is under three (3) years of age and for an aggregate period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Community Based Services. Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be included in determining whether the child has resided with the person for the required minimum period.

Next, KRS 403.270(1)(b) provides:

A person shall not be a de facto custodian until a court determines by clear and convincing evidence that the person meets the definition of de facto custodian established in paragraph (a) of this subsection. Once a court determines that a person meets the definition of de facto custodian, the court shall give the person the same standing in custody matters that is given to each parent under this section and KRS 403.280, 403.340, 403.350, 403.822, and 405.020.

In short, KRS 403.270(1)(a) requires a de facto custodian to show by clear and convincing evidence they have been the primary caregiver for and financial supporter of the child for a required period of time. That statutory provision is read in tandem with KRS 403.270(1)(b), which specifies that a person shall not be a de facto custodian until a court determines by clear and convincing evidence that a person meets the definition in KRS 403.270(1)(a).

When reviewing a child custody determination, we set aside findings of fact only when clearly erroneous and we review questions of law *de novo*. *Cherry v. Carroll*, 507 S.W.3d 23, 26 (Ky. App. 2016). Trial court determinations

-5-

of de facto custodianship must be made on the basis of clear and convincing evidence. *Allen v. Devine*, 178 S.W.3d 517, 524 (Ky. App. 2005).

### III.    Analysis

KRS 403.270(1) is explicit that determinations of de facto custody must be based on clear and convincing evidence. Here, the trial court did not specify in the Final Order that its award of de facto custody to Grandmother was made on the basis of clear and convincing evidence. Instead, in ¶7 of the Conclusions of Law in its Final Order, the Circuit Court used a "preponderance of the evidence" standard for determining its de facto custodian ruling. Accordingly, it was improper for the Circuit Court to reach the analysis of Child's best interest in remaining in the care and control of Grandmother as de facto custodian. Primarily for this reason, the Final Order of the Circuit Court must be vacated. For reasons discussed below, the failure to apply the clear and convincing evidence standard precludes this Court from reaching the merits of the custody determination, including Father's challenge to the Circuit Court's ruling that the time period of establishing de facto custody for Child did not toll for him during the district court proceeding in which he did not participate.

In terms of relief, the Court looks to case law to determine whether we must order a new trial, or whether the trial court may be permitted to simply conduct another review of the evidence and make its rulings utilizing the clear and

convincing standard of evidence required by KRS 403.270. This Court has recently evaluated an analogous situation of an adoption proceeding without the consent of a living biological parent where a court used the incorrect standard of evidence. *See W.H.J. v. J.N.W.*, 669 S.W.3d 52, 54 (Ky. App. 2023). In *W.H.J.*, this Court faulted a trial court for "fail[ing] to state that its conclusions were made pursuant to the clear and convincing evidence standard." *Id.* This was fatal because parental rights are a fundamental liberty interest protected by the Fourteenth Amendment of the United States Constitution. *Id.* at 55.

Here, while the instant action was a de facto custody proceeding with an out-of-state parent in opposition—and not a termination of parental rights action or an adoption proceeding without the consent of a living biological parent—the fundamental liberty interest of Father is similarly implicated as he will inevitably not have custodial rights to Child if Grandmother is awarded de facto custody. Furthermore, as noted in the *W.H.J.* case, this error cannot be deemed harmless, but instead we are "constrain[ed] . . . to vacate this decision without assessing the evidence." *Id.* at 56 (citing *N.S. v. C & M.S.*, 642 S.W.2d 589, 590-591 (Ky. 1982)); *see also Wright v. Howard*, 711 S.W.2d 492, 497 (Ky. App. 1986) (vacating a stepparent adoption decision, in part, due to a trial court's failure to utilize the clear and convincing evidence standard). Finally, we cannot simply instruct the trial court to issue a new decision while applying the clear and

convincing standard to the already-existing evidence, so we must remand the matter for a new trial. *See W.H.J.*, 669 S.W.3d at 57 (citing *N.S.*, 642 S.W.2d at 591). While we regret the uncertainty and delay inherent in remanding the matter back to the Circuit Court for a new hearing, we must follow our indistinguishable precedent.

## IV. Conclusion

The Final Order of the Graves Circuit Court is VACATED and this action is REMANDED to the Circuit Court for further proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Robert L. Prince<br>Benton, Kentucky | Melinda Martin Ormsby<br>Mayfield, Kentucky |